IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | No. 4:22-CV-01243 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DAVID DURST, LPM, *et al.*, | |
| Defendants. | |

## ORDER

**MARCH 10, 2023**

**AND NOW**, upon consideration of Defendants' motion[1] for reconsideration of this Court's December 9, 2022 Order[2] granting Plaintiff Jerome Junior Washington *in forma pauperis* status in this case, in which Defendants assert that Washington has accrued at least three "strikes" under 28 U.S.C. § 1915(g) prior to filing the instant lawsuit,[3] *i.e.*, that Washington has previously filed at least three civil actions in federal court while incarcerated which have been dismissed on the grounds that they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted,"[4] and the Court finding that Defendants' three-strikes

---

[1] Doc. 14.
[2] Doc. 9.
[3] *See* Doc. 15 at 3-4; *Byrd v. Shannon*, 715 F.3d 117, 122 (3d Cir. 2013).
[4] 28 U.S.C. § 1915(g); *see Byrd*, 715 F.3d at 126.

contention is not supported by the record,[5] **IT IS HEREBY ORDERED** that:

1. Defendants' motion (Doc. 14) for reconsideration of this Court's December 9, 2022 Order granting Washington *in forma pauperis* status is **DENIED** without prejudice.

2. Should Defendants locate other dismissals that would qualify as strikes under 28 U.S.C. § 1915(g), they may reassert their motion regarding Plaintiff's *in forma pauperis* status.

3. Washington shall pay the initial partial filing fee that is due in this case within **21 days** of the date of this order. That fee is **$31.36**.[6] Failure to pay this statutorily required fee or to establish why said fee cannot be paid may result in dismissal of this case for failure to prosecute.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[5] Of the cases that Defendants cite, only one—*Washington v. Weiner*, No. 2:16-cv-2487, Docs. 20, 31 (E.D. Pa. Mar. 3, 2017)—qualifies as a strike under Section 1915(g). The Western District of Pennsylvania cases do not qualify as strikes, *see Washington v. Gilmore*, 825 F. App'x 58, 59-60 (3d Cir. 2020) (nonprecedential), and this Court's dismissal of *Washington v. Salamon*, No. 4:21-cv-01746, Docs. 50, 51 (M.D. Pa. Sept. 7, 2022) does not qualify because leave to amend was granted, *see id.*, Doc. 57; *Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1724 n.4 (2020) (explaining that dismissal with leave to amend falls outside of Section 1915(g)).

[6] Washington had $940.93 worth of deposits into his inmate account for the six-month period ending on August 19, 2022. *See* Doc. 8. The average monthly deposit, therefore, was $156.82, and twenty percent of that average monthly deposit is $31.36—the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1)(A) (explaining calculation of initial partial filing fee).