IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | No. 4:22-CV-01243 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DAVID DURST, LPM, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JUNE 11, 2024

Plaintiff Jerome Junior Washington is a serial litigator who is well known in the Middle District of Pennsylvania. He filed the instant *pro se* Section 1983[1] action in 2022, claiming constitutional violations by several prison officials at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania. Presently pending is Washington's second amended complaint. For the following reasons, the Court will dismiss this case with prejudice.

I.   BACKGROUND

Plaintiff Jerome Junior Washington is serial *pro se* litigant who has filed dozens of frivolous lawsuits in the federal district courts in Pennsylvania. He is currently incarcerated at SCI Camp Hill.[2]

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* Doc. 49 at 1.

In his initial complaint, Washington alleged that an SCI Rockview mental health provider—Licensed Psychologist Manager (LPM) David Durst—failed to provide adequate mental health care.[3] Washington asserted that he suffers from schizoaffective disorder with hallucinations, post-traumatic stress disorder, Bipolar-1 disorder, suicidal ideations, attention deficit disorder, and anti-social personality disorder.[4] He claimed that, due to his serious mental illness,[5] he was housed in the Behavior Management Unit (BMU) at SCI Rockview from July 2020 through the time of filing the instant lawsuit.[6]

Washington's initial complaint appeared to assert that Durst was deliberately indifferent to his serious mental health needs in several ways. He contended that Durst had failed to comply with Pennsylvania Department of Corrections (DOC) policy,[7] adjusted Washington from a "Phase 2" to a "Phase 4" in his BMU programming,[8] and refused to follow Washington's personal requests regarding psychological care.[9] Washington's complaint also possibly raised an Eighth Amendment conditions-of-confinement claim, but that claim was dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it was

---

[3] *See generally* Doc. 1.  Washington also sued the superintendent of SCI Rockview but failed to include any allegations against this Defendant.  *See* Doc. 42 at 3, 5-6.
[4] Doc. 1 ¶ 8.
[5] *Id.* ¶ 11.
[6] *Id.* ¶¶ 7, 9, 11.
[7] *Id.* ¶¶ 12-15, 18, 20, 25, 26.
[8] *Id.* ¶ 18.
[9] *Id.* ¶¶ 21, 25, 26.

duplicative of a claim that had been raised and dismissed in one of Washington's many other civil actions.[10]

Defendants moved to dismiss Washington's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[11] Washington eventually filed a brief in opposition that complied with the Local Rules of Court after numerous extensions.[12] The Court granted Defendants' Rule 12(b)(6) motion, primarily holding that Washington had failed to state a medical indifference claim against Durst.[13] The Court granted limited leave to amend, permitting Washington to file an amended complaint with respect to his Eighth Amendment medical care claim and providing explicit pleading instructions.[14]

Washington filed an amended complaint in February 2024.[15] Defendants once again moved to dismiss that pleading.[16] Instead of opposing Defendants' motion to dismiss, Washington moved for leave to amend and included a proposed second amended complaint.[17] The Court will grant Washington's motion for leave to amend, docket the proposed second amended complaint, and will dismiss that

---

[10] *See* Doc. 42 at 11 & n.54.
[11] Doc. 20.
[12] *See, e.g.*, Docs. 22, 24, 33, 39, 40, 41.
[13] *See* Doc. 42 at 6-11. As noted above, the Court also dismissed any Section 1983 claim against Salamon for lack of personal involvement and dismissed a duplicative conditions-of-confinement claim. Additionally, the Court *sua sponte* dismissed Washington's official capacity claims. *See id.* at 12-13.
[14] *See id.* at 13-14.
[15] Doc. 46.
[16] Doc. 47.
[17] *See* Doc. 52; Doc. 52-1.

3

pleading with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[18] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[19] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[20]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[21] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[22] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint,

---

[18]   *See* 28 U.S.C. § 1915A(a).
[19]   *Id.* § 1915A(b)(1).
[20]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[21]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[22]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[23]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[24] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[25] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[26] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[27] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[28]

Because Washington proceeds *pro se*, his pleadings are to be liberally construed and his second amended complaint, "however inartfully pleaded, must

---

[23] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[24] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[25] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[26] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[27] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[28] *Iqbal*, 556 U.S. at 681.

be held to less stringent standards than formal pleadings drafted by lawyers[.]"[29] This is particularly true when the *pro se* litigant, like Washington, is incarcerated.[30]

## III. DISCUSSION

Washington's second amended complaint alleges a single claim of deliberate indifference to serious medical needs against defendant David Durst, LPM.[31] This is Washington's third attempt to bring such a claim against Durst, yet he again fails to plausibly plead an Eighth Amendment violation.

### A. Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[32] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[33] A serious medical need is "one that has been diagnosed by a physician as requiring treatment

---

[29] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[30] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[31] It appears that Washington has abandoned any claim against defendant Superintendent Salamon. Salamon, therefore, will be dismissed from this action.
[32] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[33] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[34]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[35] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[36] Claims sounding in mere medical negligence will not suffice.[37]

In his second amended complaint, Washington asserts mostly new allegations of deliberate indifference to serious medical needs, likely because his earlier allegations did not state a claim for relief. He now contends that Durst failed to ensure that Washington got "out-of-cell structure time" on June 21, 2021; that on June 25, 2021, Washington—a Phase 2 BMU inmate—was forced to be in a "cage" for three hours during "out-of-cell structure group" without a bathroom break or to be able to "stretch his legs"; that Durst failed to inform SCI Fayette officials upon transfer (around September 6, 2022) that Washington was a BMU

---

[34] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[35] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[36] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[37] *Rouse*, 182 F.3d at 197.

mental health inmate who required BMU programming; and that Durst changed Washington to a Phase 4 from a Phase 2 after he attempted self-harm at SCI Fayette.[38]  None of these allegations—alone or together—meets the high bar of plausibly pleading constitutionally deficient medical care.

Initially, the Court observes that Washington's second amended complaint does not state a serious medical need.  In his original complaint, Washington alleged that he suffers from several mental health disorders, but those allegations do not appear in his second amended complaint.  Nevertheless, even assuming that Washington plausibly stated a serious medical need, he has not alleged deliberate indifference by Durst.

Washington primarily claims that, on two days in 2021 and one day in 2022, Durst did not perform his professional duties correctly or perfectly.  These types of allegations do not sound in deliberate indifference to serious medical needs.  Rather, at most they would implicate professional negligence or medical malpractice, which does not rise to the level of a constitutional violation.[39]

Washington also appears to take issue with treatment decisions made by Durst; specifically, moving him from Phase 2 to Phase 4 in the BMU program after he committed self-harm.  These allegations do not implicate deliberate indifference to serious medical needs, either.  It is well settled that mere disagreement with a

---

[38] *See* Doc. 52-1 ¶¶ 3-10.
[39] *Rouse*, 182 F.3d at 197.

medical provider's professional judgment or treatment plan does not state an Eighth Amendment violation.[40] Washington does not allege, for example, that he was refused mental health treatment, that prescribed treatment had been denied, or that treatment was delayed for nonmedical reasons. Rather, Washington appears to assert that Durst made treatment decisions that Washington disagreed with. But Washington is not a medical professional, and alleging that a licensed psychologist manager crafted a treatment plan that differs from an inmate's desired treatment does not state a constitutional violation.

In sum, Washington's allegations against Durst do not plausibly state an Eighth Amendment infringement. Washington appears to disagree with Durst's professional performance and treatment decisions, but such disagreement does not amount to a constitutional violation. There simply is nothing in Washington's second amended complaint that would plausibly indicate that Durst has exhibited deliberate indifference to Washington's serious mental health needs.

---

[40] *See Lanzaro*, 834 F.2d at 346 (explaining that "mere disagreement as to the proper medical treatment" does not "support a claim of an eighth amendment violation"); *see also Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) ("Because 'mere disagreement as to the proper medical treatment' does not 'support a claim of an eighth amendment violation,' when medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." (internal citation omitted)); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").

### B.     Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[41]  Further leave to amend will be denied because Washington has repeatedly failed to cure material deficiencies with his pleadings even after "amendments previously allowed."[42]  Washington, in fact, has had three opportunities to plead a claim against Durst and has failed to do so.

### IV.    CONCLUSION

Based on the foregoing, the Court will grant Washington's motion (Doc. 52) for leave to amend, docket the proposed second amended complaint (Doc. 52-1), and dismiss that pleading with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[41]  *Grayson*, 293 F.3d at 114.
[42]  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").